1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 LUIS  V. RODRIGUEZ, | Case No.  1:15-cv-00065-SAB-PC |
| 12              Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO |
| 13        v. | STATE A COGNIZABLE CLAIM FOR RELIEF |
| 14 J. BEARD, et al., | |
| 15              Defendants. | THIRTY-DAY DEADLINE |
| 16 | |

17      Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C.

18 § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

19 Currently before the Court is Plaintiff's complaint, filed January 15, 2015.

**I.**

**SCREENING REQUIREMENT**

22      The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

24 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25 legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

26 that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

27 1915(e)(2)(B).

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 10, 2015. (ECF No. 4.)

1   A complaint must contain "a short and plain statement of the claim showing that the

2   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

3   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

5   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate

6   that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.

7   Williams, 297 F.3d 930, 934 (9th Cir.2002).

8   Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

9   liberally construed and to have any doubt resolved in their favor.   Wilhelm v. Rotman, 680 F.3d

10  1113, 1121 (9th Cir. 2012)(citations omitted).   To survive screening, Plaintiff's claims must be

11  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

12  that each named defendant is liable for the misconduct alleged.   Iqbal, 556 U.S. at 678-79; Moss

13  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant

14  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

15  liability" falls short of satisfying the plausibility standard.   Iqbal, 556 U.S. at 678; Moss, 572

16  F.3d at 969.

17                                          **II.**

18                            **COMPLAINT ALLEGATIONS**

19  Plaintiff, an inmate in the custody of the California Department of Corrections and

20  Rehabilitation (CDCR) at the R.J. Donovan Correctional Facility (RJDF) in San Diego, brings

21  this action against former CDCR Secretaries Dickenson and  Beard, R. J. Donovan Warden

22  Paramo and the Substance  Abuse  Treatment Facility (SATF) Warden.

23  The complaint consists  of a rambling narrative, referring to conduct by correctional

24  officials  at RJDF, Salinas Valley State Prison (SVSP), and SATF.   Although the complaint is

25  difficult to read, the Court can discern claims regarding free speech, falsified disciplinary

26  violations, illegal confiscation of personal property, difficulty with the inmate grievance process,

27  double celling with a  violent inmate, retaliatory transfer, and a request for the appointment of

28  counsel.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### DISCUSSION

**A.    Venue**

The Court initially notes that Plaintiff refers to conduct that occurred at three different prisons.  RJDF is located in the  Southern District of California and Salinas Valley State Prison is located in the Northern District of California.  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subjection of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  The decision to transfer venue of a civil action under § 1404(a) lies soundly within the discretion of the trial court.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  The Court declines to address the claims made by Plaintiff regarding any conduct that occurred at RJDF or SVSP.  Those claims will be dismissed without prejudice to the re-filing of those claims in a separate action in the Southern and Northern Districts, should Plaintiff choose to do so.  Regarding any claims Plaintiff may have at SATF, the Court  will provide Plaintiff with guidance regarding the appropriate legal standards.

**B.    Individual Liability**

Plaintiff has only named Defendants employed in a supervisory capacity.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Plaintiff has not alleged any specific conduct by any of the Defendants that  indicates they were personally involved in a deprivation of Plaintiff's rights.  Defendants cannot be held liable

3

1   because of their official positions.

2        **C.     Disciplinary Charges**

3        Regarding any allegations that Plaintiff suffered a disciplinary conviction that was based

4   on false allegations, he is advised that in <u>Edwards v. Balisok</u>, 520 U.S. 641, 644 (1997), the

5   United States Supreme Court applied the doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S.

6   477, 487 (1994), to prison disciplinary hearings.  In <u>Heck</u>, the Court held that a state prisoner's

7   claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42

8   U.S.C. §1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his

9   conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has

10  previously been invalidated.  512 U.S. at 487.  In applying the principle of the facts to <u>Balisok</u>,

11  the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even

12  if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if

13  the nature of the inmate's allegations are such that, if proven, would necessarily imply the

14  invalidity of the result of the prison disciplinary hearing.  520 U.S. at 646.  Because such a

15  challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly

16  brought as a habeas corpus petition and not under § 1983.  <u>Heck</u>, 512 U.S. at 487; <u>Preiser v.</u>

17  <u>Rodriguez</u>, 411 U.S. 475, 500 (1973).  An allegation that Plaintiff suffered a disciplinary

18  conviction on the basis of false charges necessarily implies the  invalidity of Plaintiff's

19  conviction,  Plaintiff must therefore allege that his disciplinary conviction has been reversed,

20  expunged, or otherwise invalidated.  He has failed to do so here.

21       **D.     Double Celling**

22       Plaintiff alleges that he was celled with a violent  inmate. The Eighth Amendment

23  requires prison officials to take reasonable measures to guarantee the safety of inmates, which

24  has been interpreted to include a duty to protect prisoners.  <u>Farmer v. Brennan</u>, 511 U.S. 825,

25  832-33 (1994); <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005).  A prisoner seeking

26  relief for an Eighth Amendment violation must show that the official acted with deliberate

27  indifference toe threat of serious harm or injury to an inmate.  <u>Gibson v. County of Washoe</u>, 290

28  F.3d 1175, 1187 (9th Cir. 2002).  "Deliberate indifference" has both subjective and objective

1  components.  A prison official must "be aware of facts from which the inference could be drawn

2  that a substantial risk of serious harm exists and . . . must also draw the inference."  <u>Farmer</u>, 511

3  U.S. at 837.  Liability may follow only of a prison official "knows that inmates face a substantial

4  risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

5  <u>Id</u>. at 837.

6       Here, Plaintiff fails to allege facts from which an inference could be drawn that any of the

7  named defendants knew of a specific harm to Plaintiff and disregarded that harm.  The Ninth

8  Circuit has held that inmates of opposite gangs placed in a cell with each other, with nothing

9  more, fails to satisfy the Eighth Amendment's standard that prison officials must be aware of a

10  specific risk to an inmate.  <u>Abated v. Corrections Corp. of America</u>, 714 F.3d 1155 (9th Cir.

11  2013).  The facts in that case suggest that although Plaintiff feared for his safety, there was no

12  specific information that Defendants knew from which they could draw an inference that

13  Plaintiff was exposed to a specific threat.  Here, Plaintiff has not alleged facts indicating that any

14  of the Defendants knew of specific information that Plaintiff was in danger, and disregarded that

15  danger.

16       **E.       Retaliation**

17       Plaintiff may state a claim for a violation of his First Amendment rights due to retaliation

18  under section 1983.  <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of

19  retaliation in violation of the First Amendment consists of five elements:"  "(1) an assertion that

20  a state actor took some adverse action against an inmate (2) because of (3) that prisoner's

21  protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment

22  rights, and (5) the action did not reasonably advance a legitimate correctional goal."  <u>Rhodes v.</u>

23  <u>Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005); <u>accord</u> <u>Watson v. Cartier</u>, 668 F.3d 1108, 1114

24  (9th Cir. 2012); <u>Brodhead v. Cry</u>, 584 F.3d 1262, 169 (9th Cir. 2009).    Here, Plaintiff has not

25  alleged any facts indicating that any of the Defendants in this action took adverse action because

26  of Plaintiff's protected conduct.

27       **F.       Appointment of Counsel**

28       Plaintiff seeks the appointment of counsel.    Plaintiff is advised that there is no

1    constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525

2    (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28

3    U.S.C. § 1915(e)(1).   <u>Mallard v. United States District Court for the Southern District of Iowa</u>,

4    490 U.S. 296, 298 (1989).   However, in certain exceptional circumstances the court may request

5    the voluntary assistance of counsel pursuant to section 195(e)(1).   <u>Rand</u>, 113 F.3d at 1525.

6       Without a reasonable method of securing and compensating counsel, the Court will seek

7    volunteer counsel only in the most serious and exceptional cases.   In determining whether

8    "exceptional circumstances exist, the district court must evaluate both the likelihood of success

9    on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

10    complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

11       In the present case, the Court has considered Plaintiff's moving papers, but does not find

12    the required exceptional circumstances.   <u>Lamer v. Riley</u>, 827 F.2d 622, 626 (9th Cir. 1987);

13    <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).   Plaintiff is proceeding on vague

14    allegations of constitutional violations.   The legal issues present in this action are not complex,

15    and Plaintiff has set forth his arguments in the complaint filed in this action.    In forma pauperis

16    status alone does not alone entitle Plaintiff to appointed counsel.   That it is difficult for Plaintiff

17    to litigate this case does not constitute exceptional circumstances.

18                                      **IV.**

19                       **CONCLUSION AND ORDER**

20       For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may

21    be granted.   Plaintiff is granted leave to file an amended complaint within thirty (30) days.   <u>Noll</u>

22    <u>v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff may not change the nature of this

23    suit by adding new, unrelated claims in his amended complaint.   <u>George v. Smith</u>, 507 F.3d 605,

24    607 (7th Cir. 2007)(no "buckshot" complaints).

25       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

26    each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

27    <u>Iqbal</u>, 556 U.S. 662, 678.   "The inquiry into causation must be individualized and focus on the

28    duties and responsibilities of each individual defendant whose acts or omissions are alleged to

have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Aliyah, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's request for the appointment of counsel is denied;

2.      The Clerk's Office shall send to Plaintiff a civil rights complaint form;

3.      Plaintiff's complaint, filed January 15, 2015, is dismissed for failure to state a claim;

4.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and

5.      If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **January 21, 2016**

UNITED STATES MAGISTRATE JUDGE