# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS V. RODRIGUEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>J. BEARD, et al.,<br><br>        Defendants. | Case No. 1:15-cv-00065-SAB-PC<br><br>ORDER REGARDING LETTER INFORMING OF PLAINTIFF'S DEATH<br><br>ORDER DIRECTING SERVICE OF COPY OF ORDER ON PLAINTIFF'S SPOUSE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 4.)

On January 21, 2016, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend. (ECF No. 8.) No defendants have yet been served. Plaintiff was subsequently granted an extension of time to amend. (ECF No. 11.) No amended complaint has yet been filed. Mail which was sent to Plaintiff on April 22, 2016 regarding this matter was returned as undeliverable, and indicated that Plaintiff's status at that time was "Inactive." (ECF No. 14.)

On April 25, 2016, the Court received a letter from Caroline Grenot. (ECF No. 13.) Ms. Grenot indicates that she is Plaintiff's spouse, and that Plaintiff died on April 14, 2016.

///

Rule 25(a) (1) of the Federal Rules of Civil Procedure governs the substitution of parties after death, providing for substitution where the claim is not extinguished by the death of the party. In Robertson v. Wegmann, 436 U.S. 584, 98 S. Ct. 1991, 56 L. Ed. 2d 554 (1978), the Supreme Court held that the law of the forum state is "the principle reference point in determining survival of civil rights actions" under § 1983. Id. at 590; see also Moor v. Alameda County, 411 U.S. 693, 703 n. 14, 93 S. Ct. 1785, 36 L. Ed. 2d 596 (1973) (noting that pursuant to 42 U.S.C. § 1988, state survivorship statutes may allow the survival of actions brought under § 1983). Under California law, a cause of action against a person is generally not lost by reason of the person's death. Cal. Civ. Proc. Code § 377.20(a). Therefore, Plaintiff's death did not extinguish whatever civil rights claim, if any, that Plaintiff may have in this case.

Rule 25(a) provides for the substitution of a party in the event of death. That rule provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). The Court is not yet in receipt of any motion for substitution.

Ms. Grenot's letter suggests that Plaintiff's estate may be interested in pursuing this suit. Based on the nature of Plaintiff's allegations, the Court doubts the viability of any claim proceeding in this action. Nevertheless, in an abundance of caution, the Court will allow ninety (90) days for a motion for substitution to be made, if any, by Plaintiff's successor or representative. The failure for a motion to be made in accordance with this order will result in the dismissal of this action, with prejudice.

Accordingly, it is HEREBY ORDERED that:

1. Any motion for substitution due to Plaintiff's death must be filed with ninety (90) days of the date of service of this order; and

///

///

2. The Clerk of Court is directed to serve a courtesy copy of this order on Caroline Grenot, at P.O. Box 411686, San Francisco, California 94141.

IT IS SO ORDERED.

Dated: **November 8, 2016**

UNITED STATES MAGISTRATE JUDGE