# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS V. RODRIGUEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>J. BEARD, et al.,<br><br>            Defendants. | Case No.  1:15-cv-00065-SAB-PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE |

**I.**

**INTRODUCTION**

Plaintiff Luis V. Rodriguez was proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 4.)

On January 21, 2016, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend. (ECF No. 8.) Plaintiff was subsequently granted an extension of time to amend. (ECF No. 11.) No amended complaint was filed. Mail which was sent to Plaintiff on April 22, 2016 regarding this matter was returned as undeliverable, and indicated that Plaintiff's status at that time was "Inactive." (ECF No. 14.)

///

1  On April 25, 2016, the Court received a letter from Caroline Grenot regarding this matter. (ECF No. 13.) Ms. Grenot indicated that she is Plaintiff's spouse, and that Plaintiff died on April 14, 2016. Ms. Grenot's letter also suggested that Plaintiff's estate was interested in pursuing this suit.

On November 8, 2016, the Court issued an order regarding Ms. Grenot's letter. (ECF No. 15.) The Court explained that, in an abundance of caution, it would allow ninety (90) days for a motion for substitution to be made, if any, by Plaintiff's successor or representative. (Id. at 2.) The Court also directed the Clerk of the Court to serve a courtesy copy of that order on Ms. Grenot, and the order was also served at Plaintiff's last known address.

More than ninety (90) days have passed since the Court issued its November 8, 2016 order, but no motion for substitution has been filed, nor has anyone communicated with the Court regarding this matter.

**II.**

**DISCUSSION**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the action has been pending for over two years. Plaintiff's amended complaint is more than ten months overdue, and although there was a suggestion that Plaintiff is deceased, no timely motion for substitution of a party has been filed. The Court cannot effectively manage its docket if this matter ceases being litigated. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. Three orders issued in this case since Plaintiff's complaint was dismissed have expressly warned that the failure to comply with them would result in dismissal of this action, with prejudice. (ECF No. 8, p. 7; ECF No. 12, p. 2; ECF No. 15, p. 2.) Thus, there has been adequate warning that dismissal would result from noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff was proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that the matter has ceased being litigated.

///

## III.

## CONCLUSION

Accordingly, the Court HEREBY ORDERS that:

1. This action be DISMISSED, with prejudice, for failure to state a claim under 28 U.S.C. § 1915A; and

2. This action be DISMISSED, with prejudice, for failure to obey the Court's November 21, 2016 order (ECF No. 8), April 22, 2016 order (ECF No. 12), and November 8, 2016 order (ECF No. 15), and for Plaintiff's failure to prosecute this action.

IT IS SO ORDERED.

Dated: **February 16, 2017**

UNITED STATES MAGISTRATE JUDGE